[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10414

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JADDIER THOMAS SANCHEZ,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cr-60051-RAR-1

_____

Before GRANT, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Jaddier Sanchez appeals his 300-months' imprisonment for kidnapping three people with a firearm.  Because we do not find this sentence substantively unreasonable, we affirm.

**I.**

Jaddier Sanchez has a long and well-documented history of violence and violating the law.  He has pleaded guilty and received jail time for aggravated stalking, retail theft, driving with a suspended license, and violating an injunction for protection against domestic violence.  And he has been previously convicted of robbery, for which he served a 15-year prison sentence.[1]

About six months after being released from custody for his robbery conviction, Sanchez committed the present offenses.  He drove to his ex-girlfriend's house in the middle of the night and kidnapped her and her parents at gunpoint.  He demanded money from the parents and forced all three into a truck, threatening them multiple times with his firearm.  He later stopped, forced the parents out of the car, tied them up, and left them on the side of the road.  He then drove his ex-girlfriend from Florida to northern Virginia, where he was eventually arrested.

---

[1] While in prison for robbery, Sanchez received 65 disciplinary actions against him for various infractions, both violent and nonviolent.

Sanchez pleaded guilty to three counts of kidnapping and one count of possession of a firearm and ammunition by a convicted felon. The presentencing investigation report calculated a Guidelines range of 168- to 210-months' imprisonment, but it also recognized that Sanchez's extensive criminal history "may warrant departure and/or variance." The government moved for upward variance and/or departure, and the district court sentenced Sanchez to 300-months' imprisonment, 90 months more than the recommended Guidelines range. Sanchez appeals, arguing that his sentence is substantively unreasonable.

## II.

We will not consider a sentence substantively unreasonable unless "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the 18 U.S.C. § 3553(a) factors" to arrive at a sentence outside the Guidelines range. *United States v. Riley*, 995 F.3d 1272, 1278 (11th Cir. 2021) (alteration adopted) (quotation omitted). These factors include "the nature of the circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Courts may also consider the need for the sentence "'to reflect the seriousness of the offense, to promote respect for the law,' 'to provide just punishment for the offense,' 'to afford adequate deterrence to criminal conduct,' and 'to protect the public from further crimes of the defendant.'" *Riley*, 995 F.3d at 1278–79 (quoting 18 U.S.C. § 3553(a)(2)). District courts have discretion in weighing these factors, and that discretion is

"particularly pronounced when it comes to weighing criminal history." *Id.* at 1279.

The district court's decision in this case to impose a sentence 90 months over the Guidelines range was not substantively unreasonable. The court considered Sanchez's present crime and criminal history to conclude that he is a violent, repeat offender. It found that Sanchez's criminal history was "woefully underrepresented" in the Guidelines calculation, and that "a stronger sentence is necessary to protect the public from his future crimes." These are all factors that we have said can be used to grant a sentence above the Guidelines range, and we do not find that the district court gave any unreasonable weight to these factors. *See id.* at 1278–81. We **AFFIRM.**